Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN A. SHAW, Respondent, for Compensation under the Workmen's Compensation Law, v. AMERICAN BODY COMPANY, Employer, and STANDARD ACCIDENT INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 12, 1919.

Workmen's Compensation Law — average weekly wage — injury occurring after short period of employment — using yearly income of others in same class as basis of determining average weekly wage — claimant employed for short time and principally on piece work — average weekly wage determinable under section 14, subdivisions 3 and 4.

Where it appears in a proceeding to secure an award under the Workmen's Compensation Law, that the claimant had worked for forty-five days at an average weekly wage of $32, and that the average earnings of five employees in the same class for the year immediately preceding the injury had been $1,777.95, a determination that the claimant's weekly wage was in excess of $30 is properly made under section 14, subdivision 3, of the Workmen's Compensation Law, and an award of $20 per week is proper.

Where a claimant has worked for an employer a short time only, and during the greater part of that time he was employed on piece work, his average weekly wage is properly determined under section 14, subdivisions 3 and 4, of the Workmen's Compensation Law.

APPEAL by the defendants, American Body Company and another, from a decision and award of the State Industrial Commission made on the 15th day of November, 1918.

*Neile F. Towner,* for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], and *Bernard L. Shientag,* counsel for State Industrial Commission, for the respondents.

LYON, J.:

The award appealed from was of twenty dollars per week for the permanent loss of the use of the claimant's right hand. He was a body builder of automobiles. While engaged in the regular course of his employment on November 2, 1917, he cut the ball of the thumb of his right hand which became infected and in time involved the entire arm. On December twenty-second he and his employer entered into an agreement in regard to compensation which was duly approved by the Commission. On February 15, 1918, a medical examiner reported a permanent loss of the use of the hand, and advised a re-examination in three or four months. On June 7, 1918, a hearing was had and a re-examination of claimant's hand made. Dr. Lewy reported a loss of the use of the hand. Although the carrier was represented by counsel, no request or attempt to cross-examine Dr. Lewy was made. The representative of the carrier objected to an award being then made, although more than seven months had elapsed since the accident, claiming it was too soon to tell the extent of the injury, and also that the manner of computing the compensation was wrong. The Commission made an award of twenty dollars per week. The carrier objected and on August sixteenth asked that the matter of wages be more fully covered. On November fifteenth evidence was taken as to the earnings of other men in the same line of work during the period of one year prior to the time of the accident. At the hearing both parties were represented. From the award made on November 15, 1918, the date of the last hearing, more than one year after the accident, the appellants took this appeal.

The claimant had worked but forty-five days for the employer at the time of the injury. During this period his

earnings had been $242.50, or an average of approximately $32 per week. It appeared that the average earnings of five employees in the same class for the year commencing January 1, 1917, had been $1,777.95. The Commission determined under subdivision 3 of section 14 that claimant's weekly wages were in excess of $30, and awarded compensation for the permanent loss of the use of claimant's hand at the rate of $20 per week. The evidence supports the finding of the Commission. The appellants at no time offered evidence as to the probability of improvement in the use of the hand. If, however, appellants should at any time claim that they are entitled to a modification of the award they can make application under section 22 for such modification.

In view of the fact that the claimant had worked for the employer only a short time, and the greater part of the work was piece work, I think the Commission was justified in determining his average weekly wage under subdivisions 3 and 4 of section 14, and that there is evidence to support the determination.

The award should be affirmed.

Award unanimously affirmed.